IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHEEM HANIF, | No. CIV S-11-1290-KJM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ROD MARSH, | |
| Defendant. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On June 30, 2011, the court directed plaintiff to submit either a completed application for leave to proceed in forma pauperis or the full filing fee for this action within 30 days.  That order, directed to plaintiff at the address he supplied to the court, was returned as undeliverable, refused on July 13, 2011.

      Pursuant to Eastern District of California Local Rule 182(b), a party appearing pro se is required to inform the court of any address change.  "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."  Id.

1    The court must weigh five factors before imposing the harsh sanction of
2 dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
4 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6 their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
7 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
8 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9 See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
10 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
11 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
12 comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
13 1260-61 (9th Cir. 1992).
14    Here, more than sixty-three days have passed since the order directed to plaintiff
15 was returned to the court.  Plaintiff has failed to notify the court of a current address.  Having
16 considered the appropriate factors, and in light of plaintiff's failure to resolve the fee status for
17 this case as directed, and failure to keep the court apprised of a current address, the undersigned
18 finds that dismissal of this action is appropriate.
19    Based on the foregoing, the undersigned recommends that this action be
20 dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and
21 orders.
22    These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
24 after being served with these findings and recommendations, any party may file written
25 / / /
26 / / /

1 objections with the court.  Responses to objections shall be filed within 14 days after service of
2 objections.  Failure to file objections within the specified time may waive the right to appeal.
3 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  September 29, 2011

                                              /s/ Craig M. Kellison
                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE